# IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

BW PIEZO HOLDINGS LLC, PIEZO )
INVESTMENT HOLDINGS, LLC, and )
CHANNEL TECHNOLOGIES GROUP, )
LLC )
    )
        Plaintiffs, )   C.A. No. N16C-08-214 RRC
    )
    v. )
    )
RALPH L. PHILLIPS )
    )
        Defendant. )

Submitted: January 25, 2017
Decided: April 18, 2017

On Defendant's Motion to Dismiss, or in the Alternative to Stay, Plaintiffs' First Amended Complaint. **MOTION TO STAY GRANTED.**

# <u>ORDER</u>

Michael F. Bonkowski, Esquire and Nicholas J. Brannick, Esquire, Cole Schotz P.C., Wilmington, Delaware; and Jonathan C. Wilson, Esquire and James T. McBride, Esquire, Littler Mendelson, PC, Dallas, Texas, Attorneys for Plaintiffs.

Joseph J. Bellew, Esquire, and Keith L. Kleinman, Esquire, Cozen O'Connor, Wilmington, Delaware, Attorneys for Defendants.

COOCH, R.J.

This 18th day of April, 2017, upon consideration of Defendant's Motion to Dismiss, or in the Alternative to Stay, Plaintiffs' First Amended Complaint, it appears to the Court that:

# I. FACTS AND PROCEDURAL HISTORY

1.  This breach of contract dispute arises out of employment, lending, and investment relationships between Defendant Ralph L. Phillips and Plaintiffs BW Piezo Holdings LLC ("BW Piezo"), Piezo Investment Holdings, LLC ("Piezo Investment Holdings"), and Channel Technologies Group, LLC ("Channel"). Plaintiffs have filed this action against Defendant to "seek enforcement and recovery of damages and attorneys' fees from Defendant for his breach of [a] Promissory Note, Pledge Agreement, and Severance Agreement and General Release, and for a declaration of the Parties' rights under [Piezo Investment Holdings'] Limited Liability Company Agreement and Mirror Unit Grant Agreements issued to Defendant."[1]

2.  In accordance with the Court's order, the parties have submitted the following joint stipulation of facts and procedural history pertinent to Defendant's Motion to Dismiss or in the Alternative to Stay Plaintiff's First Amended Complaint:

    A. <u>December 29, 2011</u> – [Piezo Investment Holdings,] LLC Operating Agreement [executed].

    B. <u>June 13, 2013</u> – Employment Agreement executed between Channel and Phillips, including reference to Phillips' opportunity to invest in Channel. Phillips begins work.

    C. <u>As of October 11, 2013</u>:
       1. Promissory Note executed between [BW Piezo] and Phillips.
       2. Mirror Unit Grant Agreement executed between [Piezo Investment Holdings] and Phillips.
       3. Pledge Agreement executed between [BW Piezo] and Phillips.

    D. <u>October 11, 2013</u> – Effective date of Joinder Agreement whereby Phillips' agrees to be bound by terms of [Piezo Investment Holdings] Operating Agreement.

---

[1] First Am. Compl. at 1.

E. October 14, 2013, September 30, 2014, December 31, 2014, August 31, 2015 – Additional Mirror Unit Grant Agreements executed between [Piezo Investment Holdings] and Phillips.

F. January 18, 2016 – Phillips' employment with Channel is terminated.

G. February 12, 2016 – Severance Agreement and General Release executed by Phillips.

H. April 20, 2016 – Notice of Default by [BW Piezo] to Phillips under Promissory Note and Pledge Agreement.

I. August 26, 2016 – Delaware Plaintiff [BW Piezo]'s Original Complaint against Phillips filed with this [] Court.

J. September 8, 2016 – Delaware Defendant Phillips' Complaint filed against [Piezo Investment Holdings], [BW Piezo,] and Channel in Superior Court of the State of California.

K. September 12, 2016 and September 13, 2016 – California Defendants [Piezo Investment Holdings], [BW Piezo] and Channel served with California Complaint.

L. September 13, 2016 – Delaware Plaintiff [BW Piezo]'s counsel advises Phillips' counsel that Delaware Original Complaint had been filed August 26, 2016.

M. September 23, 2016 – Delaware Plaintiffs [BW Piezo], [Piezo Investment Holdings] and Channel's First Amended Complaint against Defendant Phillips filed with this [] Court.

N. October 11, 2016 – Delaware Defendant Phillips counsel enters appearance in Delaware action.

O. October 12, 2016 – California Defendants [Piezo Investment Holdings], [BW Piezo] and Channel file Demurrer to Phillips' Complaint based on asserted release in Severance Agreement and General Release.

P. October 14, 2016 – California Defendant Channel files Chapter 11 Petition.

Q. November 14, 2016 – Delaware Defendant Phillips files Motion to Dismiss or Stay Delaware action.

R. November 16, 2016 – California Court overrules Demurrer of Defendants [Piezo Investment Holdings] and [BW Piezo].

S. November 28, 2016 – California Defendants [Piezo Investment Holdings], [BW Piezo] file Answer in California action.

T. January 11, 2017 – California Court continues Court Management Conference until March 1, 2017 in light of hearing on Delaware Defendant's Motion to Dismiss in Delaware and pending this Court's ruling.[2]

3.  In addition to the timeline jointly provided by the parties, the Court finds that three agreements must be considered in deciding this motion. First is Defendant's employment agreement with Channel (the "Employment Agreement"). Under that agreement, Defendant agreed to be Channel's president and chief executive officer in exchange for compensation and benefits. In the Employment Agreement, Defendant was also given the right to invest $500,000 in Channel, with a right to borrow $250,000 from BW Piezo. The Employment Agreement provides in pertinent part:

5. Equity Compensation: . . . Employee will have the opportunity to invest up to $500,000 in [Channel]. [BW Piezo] will lend Employee up to 50% of the purchase price of this equity, secured only by the equity, and repayable on sale or with 50% of any bonus above target. All of the matters set forth in this Section 5 are subject to the more detailed terms of (and the execution of) the

---

[2] Joint Stipulation of Procedural History, Undisputed Facts, and the Parties' Summary Statements of Contentions at 16 [hereinafter "Joint Stipulation of Procedural History and Undisputed Facts"]. The Court has not been advised of what transpired at the March 1, 2017 Court Management Conference in California.

form grant agreement and other documents applicable to these equity issuances.

. . .

27. <u>Choice of Law</u>: All questions concerning the construction, validity, and interpretation of this Agreement will be governed by the law of the State of California as applied to contracts made and to be performed entirely within California. *Employee hereby irrevocably consents to the exclusive jurisdiction and venue of the state and federal courts located in Santa Barbara, California in connection with any action relating to this Agreement.* Employee agrees not to, and hereby waives any right to, bring any action relating to this agreement in a state or federal court in any other venue.[3]

4. Defendant acted on this right and borrowed $250,000 from BW Piezo pursuant to a Promissory Note and Pledge Agreement. The Promissory Note, however, contained the following *non-exclusive* forum selection clause:

14. <u>Governing Law and Jurisdiction</u>: This Note is and will be deemed to have been made and delivered in the State of Delaware and in all respects will be governed and construed in accordance with the laws of that State. Maker and Payee (by acceptance hereof) each hereby irrevocably consent to the *non-exclusive* jurisdiction of the state and federal courts located in the State of Delaware in any and all actions and proceedings whether arising hereunder or under any other agreement or undertaking.[4]

The Pledge Agreement executed by Defendant and BW Piezo contains virtually identical language, providing that the parties consent to the "non-exclusive jurisdiction of the state and federal courts located in the State of Delaware."[5] At oral argument on this motion, counsel for all the parties advised that each did not know why an exclusive forum

---

[3] First Am. Compl., Ex. 7, at 1, 6 (emphasis added).
[4] First Am. Compl., Ex. 1, at 3-4 (emphasis added).
[5] First Am. Compl., Ex. 2, at 3.

selection clause favoring California was used in the Employment Agreement, but non-exclusive forum selection clauses favoring Delaware were included in the other agreements. Counsel further advised that they were not the attorneys who had drafted or negotiated the various agreements that included different forum selection clauses.

5. BW Piezo filed its original Complaint in the Delaware Superior Court on August 26, 2016. In its original Complaint, BW Piezo alleged one count of breach of contact pertaining to the Promissory Note.

6. On September 8, 2016, Defendant filed a complaint against all Plaintiffs currently in this case in the Superior Court of California. In that action, Defendant alleges that Plaintiffs made misrepresentations regarding the financial well being of Channel, which Defendant relied on in entering into the Employment Agreement, Promissory Note, and Pledge Agreement. In his prayer for relief, Defendant requests a judgment that the Promissory Note, Pledge Agreement, and agreements granting him equity in Channel are rescinded, and that Plaintiffs pay Defendant monetary damages.

7. On September 23, 2016, BW Piezo filed its First Amended Complaint, adding Piezo Investment Holdings and Channel as plaintiffs. Additionally, Plaintiffs' First Amended Complaint asserted two new claims. First, Plaintiffs' First Amended Complaint claimed that Defendant breached the Severance Agreement and General Release. Second, Plaintiffs' First Amended Complaint requested a declaratory judgment that Defendant breached the Severance Agreement and General Release by filing suit against Plaintiffs in California, that the termination of Defendant's employment constituted a default under the Promissory Note and Pledge Agreement, that Defendant had represented in the grant agreements that he had all material information needed to decide whether to invest in Channel, and that he has no right to withdraw or demand a return of his capital contribution in Channel pursuant to Piezo Investment Holdings' Limited Liability Company Agreement.

## II. PARTIES' CONTENTIONS

8. Defendant has moved for dismissal under Superior Court Civil Rule 12(b)(3) on grounds of improper venue. In support of his Motion to Dismiss, Defendant argues that the exclusive forum selection clause in the Employment Agreement requires that this action be brought in a California court. Defendant argues that all of Plaintiffs' claims "relate directly to the Employment Agreement and are subject to its exclusive California forum selection clause." Defendant further argues that "the entire Amended Delaware Complaint relates to [Defendant's] employment relationship with Channel and the Employment Agreement."[6]

9. Alternatively, Defendant asserts that this action should be stayed, arguing that the California action was the first-filed action. Relying on *McWane Cast Iron Pipe Corp. v. McDowell-Wellman Eng'g Co.*,[7] Defendant contends that although the Delaware action was filed before the California action, the September 23, 2016 amendment of Plaintiffs' Delaware complaint "asserted new and independent claims and added additional parties that cannot relate back to the [filing date of the] Initial Delaware Complaint."[8] Accordingly, Defendant asserts in the alternative that "the Delaware action should . . . be stayed pending an adjudication of the more comprehensive California action."[9]

10. Plaintiffs argue that this action should not be dismissed, as the Employment Agreement's exclusive forum selection clause does not apply to these claims arising from the Promissory Note and Settlement Agreement and General Release. In support of their position, Plaintiffs contend that "[Defendant's] argument fails as it ignores well-established contract law and the parties' agreement in the subsequently

---

[6] Def.'s Mot. to Dismiss or in the Alternative to Stay Pls.' First Am. Complaint at 13.
[7] 263 A.2d 281, 283 (1970).
[8] *Id.* at 18.
[9] Joint Stipulation of Procedural History and Undisputed Facts at 16.

executed agreements at the center of this case which clearly provide[] that the Parties agreed venue and jurisdiction was proper in Delaware."[10]

11. Additionally, Plaintiffs argue that the Delaware action should not be stayed, asserting that the First Amended Complaint relates back to the date that BW Piezo filed its complaint. Plaintiffs claim that the "First Amended Complaint clearly relates back to the first-filed complaint, as they both 'arise from a common nucleus of operative facts'—that is, if the claims 'rely on and arise from the same factual foundation' and, therefore, the amended complaint should be considered filed as of the date of the original complaint."[11]

12. The Court concludes that a stay is the most appropriate step to be taken at this time, pending a resolution of the California litigation. Accordingly, the Court does not reach Defendant's Motion to Dismiss.

## III. DISCUSSION

*Given the Litigation Pending in California Regarding the Validity of the Employment Agreement, This Court Grants Defendant's Motion to Stay This Litigation*

13. "Delaware Courts generally give effect to the terms of private agreements to resolve disputes in a designated judicial forum out of respect for the parties' contractual designation."[12] "Forum selection clauses are presumptively valid and should be specifically enforced unless the resisting party clearly shows that enforcement would be unreasonable and unjust, or that the clause is invalid for such reasons as

---

[10] Pls.' Resp. to Def.'s Mot. to Dismiss or in the Alternative to Stay Pls.' First Am. Compl. At 11.

[11] *Id.* at 15.

[12] *Loveman v. Nusmile, Inc.*, 2009 WL 847655, at *3 (Del. Super. Mar. 31, 2009) (internal quotations omitted).

fraud and overreaching."[13]  "Where the action is filed in a proper venue but the contract contains a forums election clause, the Court should decline to proceed where the parties agreed that litigation should be conducted in another forum."[14]  "The question [of whether to grant a stay of the proceedings] is addressed to the sound discretion of the trial court and is to be determined in light of all the facts and circumstances and in the interest of expeditious and economic administration of justice."

14.  At least one Delaware court has stayed an action where the resolution of that action depended on the interpretation of an instrument in which the parties agreed to exclusive venue in a foreign jurisdiction. In *RWI Acquisition LLC v. Todd*, the Delaware Court of Chancery was called upon to determine the parties' obligations under, among others, an employment agreement and a stock purchase agreement with exclusive forum selection clauses in favor of New Mexico state and federal courts.[15]  In *RWI Acquisition LLC*, the Delaware declaratory judgment action was filed by the Delaware plaintiff, but a New Mexico action was then filed by the Delaware defendant as plaintiff.  In its decision, the Court of Chancery had to determine whether the defendant's employment was terminated for cause, thereby triggering the plaintiff's "Call Right,"[16] and effectively forfeiting the defendant's equity interest in the plaintiff's affiliate.[17]  However, such a determination required an

---

[13] *Ingres Corp. v. CA, Inc.*, 8 A.3d 1143, 1146 (Del. 2010) (internal quotations omitted).

[14] *Double Z Enters., Inc. v. Gen. Mktg. Corp.*, 2000 WL 970718, at *2 (Del. Super. June 1, 2000).

[15] *RWI Acquisition LLC v. Todd*, 2012 WL 1955279 (Del. Ch. May 30, 2012).

[16] The employment agreement in *RWI Acquisition LLC* defined the "Call Right" as
> [N]otwithstanding anything contained in the Members Agreement, . . . [if Todd's] employment with [RWI (N.M.)] is terminated by [RWI (N.M.)] for Cause (as defined in [the Employment Agreement]) . . . the [Restricted] Units shall upon such termination of employment be forfeited and transferred back to [RWI (Del.)] without payment of any consideration by [RWI (Del.)].

*Id.* at *6.

[17] *Id.* at *4.  The *RWI Acquisition LLC* Court noted that Plaintiff's declaratory judgment action asserted that
> there is an actual controversy between the parties regarding: (i) whether Ronny Todd's membership interest in RWI (Del.) had been repurchased;

interpretation of the employment agreement, which the agreement expressly provided could only be done by state and federal courts in New Mexico. Accordingly, the Court of Chancery stayed the action pending the resolution of that issue in the New Mexico courts.

15. Additionally, the Delaware Court of Chancery has recognized that disputes arising out of related agreements are generally best resolved by the same court. In *Ashall Homes Ltd. v. ROK Entertainment Group*, the Court of Chancery held that

> bifurcating [a] dispute—so as to send claims arising from [one agreement] to the English courts, but to keep claims arising from [a separate but related agreement] here in this court—would result in obvious inefficiencies and confusion. Those inefficiencies and the potential for injustice are serious enough that long-standing doctrines, such as res judicata and the Delaware Supreme Court's *McWane* doctrine, have been developed to minimize claims splitting.[18]

16. The facts of *RWI Acquisition LLC* are similar to those in this case. As in *RWI Acquisition*, this was the first case filed, followed by the filing of a case in another jurisdiction. Similarly, in this case, a determination of whether Defendant breached the Pledge Agreement and Promissory Note, or the Severance Agreement and General Release, requires a resolution of the California action which will determine whether the Employment Agreement is valid.[19] These agreements were all executed based on the premise that Defendant was an employee of Channel. Therefore, since the Promissory Note, Pledge

---

(ii) whether Ronny Todd has any remaining equity interest in RWI (Del.) or any right in such interest; and (iii) whether RWI (Del.) owes Ronny Todd any money in connection with the repurchase of Ronny Todd's membership interest in RWI (Del.)."

*Id.* at *5.

[18] 992 A.2d 1239, 1251 (Del. Ch. 2010).

[19] At oral argument, Plaintiffs' counsel conceded that a claim directly related to the Employment Agreement would have to be brought in California pursuant to the Employment Agreement's forum selection clause.

Agreement, and Severance Agreement and General Release each depend on the valid employment of Defendant, the validity of those agreements depends on whether the Employment Agreement itself was validly executed. Additionally, should the California action resolve in Defendant rescinding the Promissory Note, Pledge Agreement, Employment Agreement, and investment agreements, it may render issues in the Delaware litigation moot.[20] Accordingly, a stay of this action pending the resolution of the California action is the appropriate step to be taken at this stage in the proceedings.[21]

## IV. CONCLUSION

Therefore, Defendant's alternative Motion to Stay Plaintiff's First Amended Complaint is **GRANTED**.

**IT IS SO ORDERED.**

/s/Richard R. Cooch

Richard R. Cooch, R.J.

cc: Prothonotary

---

[20] The Court expresses no view on the merits of any party's claims in the California action.

[21] The Court notes that Defendant's reliance on *McWane* is inapposite, as *McWane* applies only to cases in which the first-filed case was in a foreign jurisdiction. *Lisa, S.A. v. Mayorga*, 993 A.2d 1042, 1047 (Del. 2010) (providing that only "where the Delaware action is *not* the first filed" will the *McWane* doctrine apply).